UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OKEZIE I. ONYEANUSI                           *
12614 Viers Mill Road, #201
Rockville MD 20853                             *

                Plaintiff          *

   v.                                          *

DISTRICT OF COLUMBIA                           *
1350 Pennsylvania Avenue, NW
Washington, DC 20004                           *


                Defendant
                                   *

## **COMPLAINT FOR DAMAGES**

Plaintiff Okezie Onyeanusi by and through undersigned counsel hereby alleges and states the following:

### Nature of this action

1. This is an action for relief for defendant's violations of plaintiff's civil rights under 42 U.S.C. §1981 and 42 U.S.C. § 2000e et seq. resulting in discriminatory discharge of the Plaintiff from the employment of the Defendant on the basis of Race(African-American) and National Origin (Nigerian/African). The Plaintiff seeks reinstatement, compensatory and general damages, equitable relief, an award of attorney's fees and costs for the wrongs committed against him.

### Jurisdiction

1

2. Jurisdiction of this Court is founded on Titles 28 U.S.C § 1331, 28 U.S.C § 1343, 42 U.S.C. §1981 and 42 U.S.C. § 2000 et seq.

3. Venue is proper because the acts and things complained about occurred in the District of Columbia.

4. The United States Equal Employment Opportunity Commission has issued the Plaintiff a right to sue letter for his Charge of Discrimination, Charge No. 10C-2006-02852 which was received on April 11, 2008. This suit is filed within the prescribed 90 day period.

5. The Plaintiff has satisfied all administrative and statutory prerequisites necessary for the institution of this action.

## Parties

6. Plaintiff Okezie I. Onyeanusi is a citizen of the State of Maryland residing at 12614 Viers Mill Road, #201, Rockville, MD 20853 and at all times material hereto he was a career employee of the District of Columbia.

7. Defendant District of Columbia is a municipal corporation with more than 500 employees and at all times material hereto was the employer of the Plaintiff.

## Factual Allegations

8. The Plaintiff is a black African-American male and his country of origin is Nigeria in West Africa.

9. On July 25, 1994, the Plaintiff was employed by defendant District of Columbia as a Disease Investigator assigned to the Sexually Transmitted Diseases (STD) Control Program of the District of Columbia Department of

Health.

10. At all times material hereto, the Plaintiff was adequately qualified for the job of Disease Investigator; furthermore, in the discharge of his duties and responsibilities as a Disease Investigator, the Plaintiff met his employer's legitimate expectations with regard thereto.

11. The STD Control Program had offices located in the old D.C. General Hospital campus at 1900 Massachusetts Avenue, SE, Washington, DC and the Plaintiff worked out of that office.

12. The Plaintiff's immediate supervisor responsible for his supervision including evaluation was Sharon Stone who also worked out of 1900 Massachusetts Avenue, SE, Washington, DC.

13. At all times material hereto, Chang Lee, an employee of the U.S. Centers for Disease Control and Prevention, was assigned to the D.C. Department of Health as the Director of Field Operations for the STD Control Program.

14. Chang Lee continually evidenced hostility and a strong dislike for persons of African descent and origin, particularly Nigerians and on several different occasions he affirmed that he would not hire any such person.

15. Beginning in 2001, Chang Lee sought or attempted in different ways to terminate the Plaintiff from his position as Disease Investigator and the Plaintiff was subjected to enhanced scrutiny by Chang Lee.

16. In 2001, the Plaintiff was out on approved sick leave when Chang Lee contacted the Plaintiff's treating physician for information regarding the Plaintiff's medical condition; Plaintiff's treating physician would not disclose the Plaintiff's medical condition to Chang Lee who then retaliated against the Plaintiff and changed the approved sick leave to leave without pay.

17. In early 2004, Mr. Chang Lee selected the Plaintiff from among those similarly situated and evaluated him as unsatisfactory.

18. In 2004, based on the unsatisfactory evaluation, Mr. Chang Lee put the Plaintiff on a performance improvement plan which the Plaintiff completed satisfactorily.

19. In the fall of 2004, Chang Lee again alleged that there was a decline in Plaintiff's performance and issued the Plaintiff a Letter of warning on January 12, 2005.

20. Chang Lee then placed the Plaintiff in a second performance improvement plan which began in early 2005 and required the Plaintiff to meet with Chang Lee every two weeks in Chang Lee's office located at 717 14th Street, NW, Washington.

21. During the meetings, Chang Lee would continually become upset and utter curse words and profanity with some of them directed at the Plaintiff.

22. On several occasions during the meetings, Chang Lee stated that he had difficulty understanding the Plaintiff because of the Plaintiff's "strong African accent"; on at least two occasions, Mr. Chang Lee suggested that the Plaintiff

see a speech pathologist and the Plaintiff stated that he could not afford it and doubted whether his medical insurance would cover it. Mr. Chang Lee told the Plaintiff that he had often wondered whether the general public served by the STD program understands the Plaintiff when he speaks and the Plaintiff told Mr. Chang Lee that he has not had other complaints.

23. Chang Lee rated the Plaintiff as unsatisfactory in the second performance improvement plan.

24. The acts and things done by Chang Lee were authorized and/or approved by the D.C. Department of Health.

25. Based on the unsatisfactory rating, the District of Columbia Department of Health issued a proposal to remove and then discharged the Plaintiff effecting January 16, 2006

26. The acts and things done by the D.C. Department of Health including those of Chang Lee and the sustaining official leading to the termination of the Plaintiff including the letter of warning, the performance improvement plans, the unsatisfactory rating, the adverse action and the termination itself were subjective, arbitrary, capricious and in violation of the established personnel regulations, rules and procedures governing said matters; furthermore, said acts or omissions were motivated by discriminatory feelings regarding the Plaintiff and were a pretext for discrimination.

27. As a direct and proximate result of the wrongs committed by the D.C. Department of Health, the Plaintiff has suffered and continues to suffer

substantial damages to include loss of her job, loss of income, loss of professional opportunities and advancement, damage to her reputation and character, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, severe emotional distress with adverse effects on her mental health and physical well being, other consequential damages and the Plaintiff has felt invaded and traumatized by the extremely outrageous wrongful conduct and actions of the Defendant.

Causes of Action

**COUNT ONE**

(Civil Rights Claim under 42 U.S.C § 1981, as amended)

28. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 27 and incorporates the same here by reference as though they are fully set forth here.

29. The acts and things done by the Defendant were designed to deny the plaintiff on account of his race and ethnicity the same right to full and equal benefit of all laws and proceedings as is enjoyed by white citizens in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

30. The actions of defendant District of Columbia were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

WHEREFORE the Plaintiff respectfully requests:

   (a) All wages and benefits which he would have received but for the discrimination, including prejudgment interest;

   (b) Compensatory damages in the amount of $1,000.000.00;

(c) For attorney fees and costs of this litigation; and

(d) For other such relief as law and justice allow

## COUNT TWO

(Civil Rights Claim under 42 U.S.C § 2000e et seq, as amended)

31. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 27, 29 through 30 and incorporates the same here by reference as though they are fully set forth here.

32. Based on the above described acts and conduct, the Defendant has discriminated against the Plaintiff on the basis of his national origin (Nigerian/African) in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

33. The actions of defendant District of Columbia were intentional, willful and malicious and/or in reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

WHEREFORE the Plaintiff respectfully requests that this Court:

(a) Declare the Defendant's conduct to be in violation of the Plaintiff's civil rights;

(b) Enjoin the Defendant from engaging in such conduct;

© order the reinstatement of the Plaintiff to his former or comparable position ;

(d) award the Plaintiff back pay and benefits;

(e) award Plaintiff compensatory damages;

(f) award the Plaintiff his costs and attorney fees; and

(g) For such other relief as is just and proper.

Respectfully Submitted,

*B.K. Cobbina*

Boniface K. Cobbina, Esquire
DC Bar No. 347757
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036
202-463-6900
Bkc215@gmail.com

## DEMAND FOR JURY TRIAL

The Plaintiff demands jury trial as to all issues so triable.

*B.K. Cobbina*

Boniface K. Cobbina, Esquire

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| OKEZIE I. ONYEANUSI | DISTRICT OF COLUMBIA |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
Montgomery County, MD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Boniface K. Cobbina, Esquire
1150 Connecticut Ave., NW, # 900
Washington, DC 202-463-6900

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discriminatory conduct in violation of Plaintiff's rights under Title VII

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ $1 million  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE  SIGNATURE OF ATTORNEY OF RECORD  J.M. Cllino

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.